UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 0:18-cv-61355-BB**

DAVID MASSEY,
individually and on behalf of all
others similarly situated,

**CLASS ACTION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

ABC FINANCIAL SERVICES, LLC.,

Defendant.
_____/

**PLAINTIFF'S MOTION TO EXTEND DEADLINES IN ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE**

Plaintiff, David Massey, by and through the undersigned counsel, respectfully requests the Court extend certain deadlines in this Court's Order Setting Trial and Pre-Trial Schedule, and states:

1. Plaintiff filed his Class Action Complaint on June 15, 2018. [ECF No. 1].

2. Plaintiff seeks damages on behalf of himself and others similarly situated for Defendant's violations of the Telephone Consumer Protection Act ("TCPA").

3. Specifically, Defendant violated the TCPA by continually sending text messages to Plaintiff on his cellular telephone *after* Plaintiff had sent Defendant several requests to stop doing so.

4. Defendant for its part, has maintained that it never received Plaintiff's requests to stop messaging him.

1

5. This discrepancy was at the heart of the Parties Joint Motion for Entry of Agreed Order Regarding Google LLC's Document Production [ECF No. 17], which this Court granted on November 29, 2018. [ECF No. 18].

6. Both Parties requested Google LLC's records in order to verify whether or not the text messages Plaintiff sent Defendant to stop messaging him, were actually sent to Defendant.

7. These records were produced by Google LLC on December 18, 2018, and they confirm that Plaintiff's multiple stop requests were sent to Defendant as alleged in the Complaint.

8. Now, in order to prove that the text messages Defendant sent Plaintiff after he requested them to stop violated the TCPA, Plaintiff intends to show that the platform used by Defendant to transmit the text messages is an automated telephone dialing system ("ATDS").

9. To do this, Plaintiff intends to present an expert report to this Court which details the capabilities and functionalities of the text messaging system used by Defendant.

10. For Plaintiff's expert to prepare an expert report, and for that report to safely survive a *Daubert* challenge later on, Plaintiff's expert needs to inspect Defendant's text message platform.

11. Defendant opposes Plaintiff's requested inspection.

12. As a result, Plaintiff filed a Motion to Compel Inspection of Defendant's Equipment earlier today [ECF No. 19].

13. Pursuant to this Court's Order Resetting Trial and Pre-Trial Schedule Requiring Mediation, and Referring Certain Matters to Magistrate Judge ("Scheduling Order") the deadline for Parties to disclose experts and exchange expert witness summaries or reports is December 28, 2018. [ECF No. 11].

14. Plaintiff requires an extension of the Scheduling Order so that this Court can rule on Plaintiff's Motion to Compel [ECF No. 19] and so that Plaintiff's expert can inspect the platform and

present a report. Plaintiff anticipates that any inspection can take place within thirty (30) days of this Court ordering Defendant to allow it.

15. For the reasons already presented and because Plaintiff requires additional time to obtain class data from Defendant, Plaintiff also seeks an extension of the January 25, 2018 deadline for all discovery, including expert discovery to be completed. [ECF No. 11].

16. Once Plaintiff received the Google LLC documents on December 18, 2018, Plaintiff immediately served a third set of Requests for Production and Interrogatories upon the Defendant.

17. Plaintiff's Third Set of Requests for Production and Interrogatories seek documentation and information specific to Defendant's opt-out policies and procedures. Defendant's responses are due by January 19, 2019.

18. This information along with Defendant's testimony at the 30(b)(6) deposition on January 25, 2019 are necessary for Plaintiff to establish the existence of a class.

19. So that Plaintiff has adequate time to review Defendant's discovery responses and testimony, as well as the opportunity to have his expert inspect Defendant's platform, Plaintiff respectfully proposes the following changes to the Scheduling Order:

| Deadline Event | Scheduling Order Deadline | Proposed Deadline |
|---|---|---|
| Parties disclose experts and exchange expert witness summaries or reports. | **December 28, 2018.** | **February 8, 2019.** |
| Parties exchange rebuttal expert witness summaries or reports. | **January 11, 2019**. | **February 25, 2019**. |
| All discovery, including expert discovery, is completed. | **January 25, 2019**. | **March 11, 2019.** |
| Parties must have completed mediation and filed mediation report. | **February 8, 2019**. | ***No Change Requested*[1]** |

---

[1] Mediation is scheduled for January 29, 2019.

| All pretrial motions and Daubert motions are filed. This deadline includes all <u>dispositive motions</u>. | **February 18, 2019**. | **April 3, 2019**. |
|---|---|---|

20.   This request will have no impact on the remainder of this Court's Scheduling Order including the May 13, 2019 deadline for joint pre-trial stipulations and the two-week trial calendar beginning on May 27, 2019.

21.   Plaintiffs' request is made in good faith and not for purposes of delay. Pursuant to Local Rule 7.1(a)(2), a proposed order is attached.

**WHEREFORE**, Plaintiff, David Massey, respectfully requests the entry of an Order extending the deadlines in this Court's Order Setting Trial and Pre-Trial Schedule as stated above.

### COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

The undersigned hereby certifies that Plaintiffs, through counsel, conferred with Defendant's counsel regarding the relief requested herein, and Defendant opposes the requested extension.

Dated: December 21, 2018.

Respectfully submitted,

**EISENBAND LAW, P.A.**
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301

<u>/s/ Michael Eisenband</u>
Michael Eisenband
Florida Bar No. 94235
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

*Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 21, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

>/s/ Michael Eisenband
Michael Eisenband
Florida Bar No. 94235
Email: Eisenband@Eisenbandlaw.com
Telephone: 954.533.4092
Florida Bar No. 94235